UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CRYSTAL THOMAS, et al.,

        Plaintiffs,                    Case No. 1:19-cv-11046

v.                                         Honorable Thomas L. Ludington
                                             United States District Judge
KELLY LAMBERT, et al.,

        Defendants.
_____/

**OPINION AND ORDER DENYING WITH PREJUDICE DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT AND PERMITING DEFENDANT SIMON TO FILE MOTION FOR SUMMARY JUDGMENT**

**I.**

On November 30, 2018, Defendant Officers from the Saginaw County and Michigan State Police went to Plaintiff Crystal Thomas's house to execute an arrest warrant for her 16-year-old son, DF, who stole approximately $150 from two illegal-firearms dealers. *See Thomas v. Farr*, No. 19-11046, 2020 WL 674342, at *1–5 (E.D. Mich. Feb. 11, 2020). The police followed Plaintiff Thomas from work in an unmarked vehicle, pulled her over, secured her, and took her to an abandoned school, where they questioned her about DF. *Id.* Plaintiff Thomas offered Defendants a key to her house to check for him, but they replied that "they had certain protocol they have to follow, which would entail smashing out the windows of [her] home and breaking down the doors." *Id.* (quoting ECF No. 24-3 at PageID.376).

In executing the arrest warrant for DF, Defendants destroyed about $16,000 worth of Plaintiffs' property by, among other things, deploying robots and at least 28 gas bombs through the windows, slashing her floorboards with a saw, and ramming the walls down with a 17,500 lb. armored vehicle. *Id.* After those efforts, Defendants took Plaintiff Thomas's three children and

then transported them and their mother to the Buena Vista police station for questioning about DF, who did not live with Plaintiffs and was not present during the execution of the warrant. *Id.*

In April 2019, Plaintiffs filed a complaint alleging unlawful detention of Plaintiff Thomas; unlawful detention of Plaintiffs LT1, LT2, and Matthew Ford, Thomas's sons; and unreasonable search of their house. *Id.* at *1; ECF Nos. 1; 44. The original complaint named Aaron Bauman and John Doe Michigan State Police Officers 1–20 as Defendants. *Farr*, 2020 WL 674342, at *1. Defendant Aaron Bauman filed a motion to dismiss on June 14, 2019. *Id.*

Plaintiffs filed an amended complaint on July 5, 2019. *Id.* The amended complaint did not identify Defendant Bauman, so he was dismissed on July 9, 2019. *Id.* (citing ECF No. 9). Instead, the amended complaint named the following Defendants: Detective Nathanial Farr, Trooper Elizabeth Wickersham, Trooper Kelly Lambert, Squad Sergeant Dan Lewis, Sergeant Derek Hoffman, Sergeant Robert Ziecina, Trooper Casey Taylor, Trooper Daniel Lubelan, Trooper Andrew Pinkerton, Trooper Derek Miller, First Lieutenant Brian McComb, Detective Sergeant William Arndt, David Sosinki, and Detective Trooper David Murchie. *Id.* & n.1 (citing ECF No. 8).[1]

Defendants filed a motion for summary judgment seeking qualified immunity, which was denied and granted in part in February 2020. *See generally id.*; ECF No. 27. Defendants appealed, and the Sixth Circuit remanded the case for want of jurisdiction in November 2020, causing a nine-

---

[1] In Count I, Plaintiff Thomas alleged that she was unlawfully detained in violation of the Fourth Amendment by Defendants Farr and Wickersham. In Count II, Plaintiffs Ford, LT1, and LT2 alleged that they were unlawfully detained by Defendants Miller, Pinkerton, Lubelan, Taylor, Ziecina, Hoffman, Murchie, Lewis, Lambert, Arndt, Sosinki, and McComb. In Count III, all Plaintiffs alleged that their Fourth Amendment right to be free from unreasonable searches was violated by Defendants Miller, Pinkerton, Lubelan, Taylor, Ziecina, Hoffman, Lewis, Lambert, Arndt, Sosinki, and McComb. *Thomas v. Farr*, No. 19-11046, 2020 WL 674342, at *1 (E.D. Mich. Feb. 11, 2020), *appeal dismissed sub nom. Thomas v. Bauman*, 835 F. App'x 5 (6th Cir. 2020).

month delay in the progress of the case. *Thomas v. Bauman*, 835 F. App'x 5 (6th Cir. 2020); ECF No. 36.

In March 2021, Plaintiffs filed a third amended complaint, adding Defendant Inspector Simon due to new information learned during discovery. ECF No. 44. Defendants answered in April 2021. ECF No. 50. On August 3, 2021, the parties stipulated to adjourn the dispositive-motion deadline for four months (i.e., until December 3, 2021). ECF No. 56. Meanwhile, the parties continued discovery.

Four months later, on the deadline to file dispositive motions, Defendants filed a motion for leave to file a second motion for summary judgment, as required by Local Rule 7.1(b)(2). ECF No. 59. This Court has reviewed the parties' briefs and exhibits, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). As explained hereafter, Defendants' Motion will be denied for lack of good cause.

## II.

"[D]istrict courts may in their discretion permit renewed or successive motions for summary judgment." *Taylor v. City of Saginaw*, No. 1:17-CV-11067, 2022 WL 202999, at *2 (E.D. Mich. Jan. 21, 2022) (quoting *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006)). Leave to file a second motion for summary judgment is "especially appropriate" in cases of (1) an intervening change in controlling law; (2) newly available evidence or an expanded factual record; and (3) a need to correct a clear error or prevent manifest injustice. *Allen v. Watts*, No. 2:19-CV-12024, 2021 WL 3053383, at *2 (E.D. Mich. July 20, 2021) (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (per curiam)). "It is improper, however, for a party to file a renewed motion for summary judgment [that] is not based upon new facts and [that] seeks to raise arguments it could have raised in its original motion." *Cervetto v. Powell*, No.

1:14-CV-00075-HBB, 2016 WL 9460447, at *2 (W.D. Ky. Jan. 27, 2016) (citing *Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc.*, 221 F.R.D. 409, 409 (S.D.N.Y. 2004)).

In their attempt to establish good cause for leave to file a second motion for summary judgment, Defendants present three arguments: (1) the previous motion for summary judgment did not address Plaintiffs' claims as now alleged; (2) the factual record has since been expanded with new relevant information; and (3) Supreme Court precedent requires issues of qualified immunity to be resolved, if possible, before trial. *See* ECF No. 59 at PageID.545–50.

### A.

Defendants contend that good cause exists because their last motion for summary judgment did not address the claims as presented in the third amended complaint. *Id.* at 546–47. Plaintiffs' third amended complaint (1) adds Defendant Murchie to Count I, which alleges unlawful detention; (2) names a new defendant, "Inspector *Unknown* Simon," to Counts II, III, and IV; and (3) adds a claim for intentional infliction of emotional distress (IIED) as Count IV. *See* ECF No. 44 at PageID.479–86.

This Court already addressed and denied summary judgment for Defendant Murchie for the unlawful-detention claim included in Count II in the first amended complaint. *Farr*, 2020 WL 674342, at *6–8, 10; ECF No. 27 at PageID.414–15. Specifically, this Court found that (1) "the law outlining Plaintiffs' right to be free from unreasonable seizures and the exception for detentions during search warrants is clearly established"; and that (2) "a potential violation of Plaintiffs' constitutional rights to be free from unreasonable seizures" was established, because "[b]oth parties admit[ted] that by the time Detective Trooper Murchie detained and interrogated Plaintiffs, the male Plaintiffs were at the police station and no longer at the house where the search warrant was being conducted." *Id.*

Further, Defendants had 247 days to file a motion for summary judgment for the claims added against Defendant Simon, yet they chose not to file. *Compare* Am. Compl., ECF No. 50 (filed Apr. 14, 2021), *with* Defs.' Mot. for Leave to File Second Mot. for Summ. J., ECF No. 59 (filed Dec. 3, 2021).

Moreover, after reviewing Defendants' purportedly new evidence, a motion for summary judgment from Defendants on the IIED claims would likely bear no fruit. And Defendants' answers to the IIED claims merely mirror their answers to the other claims. *See* ECF No. 50 at PageID.513–14 ("119. Defendants incorporate all prior responses. 120. Denied. 121. Denied. 122. Denied."). Under these circumstances, addressing the merits of the IIED claims is neither appropriate nor necessary. *Cf. Hernandez v. Frazier*, No. SA:11-CV-0009-DAE, 2014 WL 104059, at *3 (W.D. Tex. Jan. 9, 2014) ("[T]he Court does not find the instant motion for summary judgment especially important.").

For these reasons, Plaintiffs have not established good cause under their first argument.

**B.**

Defendants also argue that good cause exists because they expanded the factual record by submitting one CD with nine videos and another CD containing an audio recording. ECF Nos. 59 at PageID.547–48; 64.

The evidence Defendants rely on, however, was in their possession—not Plaintiffs'—not only when this Court denied summary judgment but also *since the day of the underlying incident*: November 30, 2018. *Cf. Westerfield v. United States*, 366 F. App'x 614, 619 (6th Cir. 2010) ("Newly discovered evidence must have been previously unavailable."). Indeed, the audio file is titled "11-30-2018" and was created on "11/27/2019." And all nine video files are titled "11/30/2018." Moreover, Defendants filed these exhibits eight and a half months after Plaintiffs

- 5 -

filed their third amended complaint. *Compare* ECF No. 44, *with* ECF No. 64. Obviously, Defendants' lack of diligence does not create good cause. For the same reason, granting Defendants' Motion for Leave would not prevent a manifest injustice. Defendant Murchie was a defendant when this Court denied summary judgment, so if Defendants thought the "new" evidence resolved summary judgment in Defendant Murchie's favor, they could have furnished it at that time. The purportedly new evidence is similarly unavailing as to the remaining Defendants.

Moreover, none of the exhibits raise new issues of fact. Indeed, aside from eight videos of uneventful air surveillance of Plaintiffs' house, the ninth video shows the Michigan State Police bulldozing into Plaintiffs' house with an armored vehicle. The audio recording, which Defendants titled "Crystal Thomas 11-30-18," contains an hour-long conversation between Defendants and Plaintiff Thomas while they detained her in the back of an unmarked police car at an abandoned school. During the conversation, among other things, Defendants told Plaintiff Thomas, "I will arrest you if you try to leave," then they refused to answer her inquiry about whether she was detained or arrested. *See* Audio tape: Conversation Between Crystal Thomas and Defendants, held by Michigan State Police, at 49:28, 49:41–49:55 (Nov. 30, 2018) (on file with this Court), *in* ECF No. 64. When Plaintiff Thomas asked Defendants why they did not simply knock on the door rather than knock down a wall while her children were inside the house, Defendants replied that "they're not gonna go inside and risk anyone's life" because of their policy of "property over life." *Id.* at 54:34–55:36. Defendants added, "If we wanted to break your stuff, we wouldn't have tried to call [DF] out, we would have just went in there and braked [sic] it, right?" *Id.* at 56:10–56:16. Near the end of the recording, Plaintiff Thomas began crying, asked why Defendants knocked down her door with a bulldozer after she offered them a key, then cried out that she believed Defendants were taking their frustrations out on her house for not being able to find her son;

Defendants replied, "I can see how it might feel that way, but I assure you that this is done in any situation." *Id.* at 58:00–59:09.

For these reasons, Defendants have not established good cause under their second argument. *Cervetto*, 2016 WL 9460447, at *2; *Morris v. Corr. Med. Servs.*, No. CIV. 07-10578, 2010 WL 728996, at *1 (E.D. Mich. Feb. 24, 2010) (finding that if the moving party "is merely rehashing arguments from its resolved motion, there is no reason to readdress those claims").

**C.**

Defendants finally assert that "Supreme Court precedent requires issues of qualified immunity to be resolved in these circumstances prior to trial." ECF No. 59 at PageID.548–50.

Qualified immunity has, regarding all Defendants other than Inspector Simon, been addressed. *See generally Farr*, 2020 WL 674342; ECF No. 27. And as explained, Defendants chose not to file a motion for summary judgment regarding Inspector Simon at any point during the 247 available days. *See* discussion *supra* Section II.A. Moreover, "whe[n] the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability." *Green v. Throckmorton*, 681 F.3d 853, 864 (6th Cir. 2012). Accordingly, "summary judgment would not be appropriate if there is a factual dispute (i.e., a genuine issue of material fact) involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights." *Poe v. Hayden*, 853 F.2d 418, 426 (6th Cir. 1988); *see also Williams v. City of Flint*, 814 F. App'x 973, 979–80 (6th Cir. 2020). Moreover, though Supreme Court precedent is controlling in this Court, Defendants have not cited any intervening decisions requiring this Court to address qualified immunity twice on substantially similar facts.

For these reasons, Defendants' third argument does not establish good cause for leave to file a second motion for summary judgment.

## D.

In summary, Defendants have not established good cause. Even armed with a purportedly "expanded" record, they have not demonstrated the absence of any genuine issue of material fact. Rather, the newly filed exhibits appear to bolster Plaintiffs' claims. Further, this case was delayed for some time to address Defendants' appeal of the qualified-immunity issues, and Defendants' request to file a second motion for summary judgment will likely lead to further delay and unduly prejudice Plaintiffs. Finally, no intervening, controlling law requires a different result.

However, Defendants' motion for summary judgment for the claims brought against Defendant Simon is included in Defendant's Motion for Leave—albeit intermixed with arguments for his codefendants. It would be a manifest injustice to deny Defendant Simon's motion for summary judgment simply because Simon was added as a party after the case commenced. Therefore, Defendant Simon will be permitted to file a motion for summary judgment—addressing the claims as they relate to only Defendant Simon.

For these reasons, Defendants' Motion for Leave will be denied with prejudice. *See Cervetto v. Powell*, No. 1:14-CV-00075-HBB, 2016 WL 9460447, at *2 (W.D. Ky. Jan. 27, 2016) ("Because [Defendants] fail[ed] to submit new material, and issues of material fact still exist, the Court finds [they] should not receive a 'proverbial second bite at the apple.'" (quoting *Doherty v. Portland Cmty. Coll.*, No. CV-99-1375-ST, 2000 WL 33200560, at *3 (D. Or. Nov. 15, 2000))).

## III.

Accordingly, it is hereby **ORDERED** that Defendants' Motion for Leave to File a Second Motion for Summary Judgment, ECF No. 59, is **DENIED WITH PREJUDICE**.

- 9 -

Further, it is **ORDERED** that Defendant Simon is **PERMITTED** to file a motion for summary judgment, as to only Defendant Simon, **on or before February 28, 2022**.

Dated: February 11, 2022     <u>s/Thomas L. Ludington</u>
                             THOMAS L. LUDINGTON
                             United States District Judge